1918-50, Mr. Volk. Thank you, your honors, and good morning. The first and more than arguably primary argument in this appeal is that the district court abused its discretion in first correctly declining to apply the government's requested two-point guidelines of leadership enhancement, leadership role enhancement, but then subsequently concluding an imposing sentence that Appellant was in fact a leader of the alleged conspiracy. At sentencing, the government strongly argued for a two-level leadership role under the advisory guidelines. The court correctly rejected this argument based on the lack of supporting evidence and based upon a careful analysis of the government's arguments and assertions. Essentially, the court correctly sided with Appellant and concluded that the government had not submitted sufficient evidence or support for a role enhancement under the guidelines. Nevertheless, the court then inconsistently erred and abused its discretion by concluding that one basis for imposition of the 10-year sentence which it imposed upon Appellant was that Appellant did in fact play a leadership role. These two findings are inconsistent, illogical, and should not have been considered together in imposing sentence. Furthermore, if the purpose of the distinction between roles of leaders and others in an alleged conspiracy is to give a higher up in control party to greater enhancement, it follows that higher up co-defendants should then receive harsher sentences. That Appellant and the acknowledged leader and person in charge of the conspiracy, the co-defendant, Mr. Cruz, ultimately received exactly the same sentence based upon different substantiated roles in conspiracy. It was both an abuse of discretion and substantively unreasonable. Appellant has clearly preserved his ability to seek review of this portion of the district court's findings and conclusions for abuse of discretion and has preserved his ability to seek review regarding the substantive reasonableness of the sentence imposed upon both himself and his co-defendant, in particular, Mr. Cruz. Second, Your Honors, we assert that the district court abused its discretion in imposing sentence because it was substantively unreasonable to impose a 120-month sentence on Appellant in light of its proportionality to the other sentences imposed upon his convicted co-conspirators, particularly the leader of the conspiracy, Mr. Cruz. It was not substantively reasonable for the district court to impose the exact same 120-month sentence on Appellant that it imposed upon the leader of the conspiracy, Mr. Cruz, who, unlike Appellant, was also convicted of being an armed drug trafficker in violation of 18 United States Code Section 924C, triggering a mandatory five-year consecutive sentence at a minimum. In accepting the government and Mr. Cruz's agreement that he would receive the 120-month sentence, the district court essentially deviated or debunkedly departed from a guidelines range for the co-defendant, Mr. Cruz, from his guidelines range, which was 195 to 228 months, and was thus significantly in excess of the guidelines range, whatever it ultimately was determined to be applicable to Appellant, whether that be at the level 29, Category 5, which the court initially determined before downwardly departing under the crack-to-powder ratio disparity analysis that it adopted. Appellant has clearly preserved his right to seek review of the district court's sentencing decision based on abuse of discretion and substantive reasonableness under the U.S. Supreme Court's decision in Gall and the other cases cited by Appellant. In Appellant's case, after initially correctly concluding that Appellant was not a leader of the conspiracy, but then somehow determined that he was, to some degree, the district court then erroneously imposed the same 120-month sentence on the conspiracy count alone against Appellant, as it had previously imposed upon the undisputed leader of the organization, Mr. Cruz, who, unlike Appellant, was also convicted of being an armed drug trafficker. We acknowledge that a reviewing court is not allowed to substitute its judgment for that of the sentencing court, but it must, however, set aside a district court's substantive determination in an exceptional case where the trial court's decision cannot be located within the range of permissible decisions. We respectfully assert that this is one such case. Our final point, and we acknowledge it is probably the least important, although we are certainly asserting it, the least important argument that we raise on appeal, is that the in failing to even try to recalculate Appellant's advisory U.S. sentencing guidelines range after accepting his argument under Kimbrough versus the United States and agreeing that it should apply a one-to-one crack-to-powder-cocaine ratio range. The effect of this conclusion would be dramatic, reducing Appellant's base offense level from 30 to 20 as to the crack-to-powder-cocaine portion of the offense. We do obviously acknowledge that other substances, including heroin and oxycodone pills, were also involved in the guidelines calculations. Mr. Vogt, I have a question. Mr. Vogt, I have a question for you. With respect to your argument of inconsistency between not applying the guideline aggravating factor for leadership and nonetheless finding leadership as a factor in crafting the final sentence, what if we were determined that the district court was mistaken in not applying the leadership enhancement in doing the guidelines calculation? What would we do there? You say they are inconsistent. They are inconsistent. It may be that one is wrong or the other is wrong. I understand the court's point, but initially, as a matter of procedure, that's actually not before the court. Neither party has raised an issue regarding the district court making any error in not applying the guidelines enhancement. Secondarily— Does that make a difference? Does that make a difference? If we concluded that the evidence was adequate, more than sufficient, to warrant imposing the leadership as an aggravating factor, does it matter that nobody has argued that? It does. With due respect, Your Honor, there simply is not evidence of record supporting that. The district court, in assessing the government's submissions and assessing the very carefully pointed out why it determined that the two-level aggravating role enhancement could not apply based on the lack of evidence of record. There simply wasn't in the court, as it was required to do. Rejected— Mr. Volk, that, I think, is the answer of why it's not inconsistent. First of all, there's a legal issue here that we've decided already just a few weeks ago. It's clear that the fact that you don't give a particular enhancement under the guidelines does not mean you can't consider that information under the 3553A factors. A case called Alseus in March, where the district court did not impose an obstruction enhancement, but then under the 3553A factors said that the defendant had lied on the witness stand. We said there's nothing that precludes a judge from doing that. That's the legal point. On the factual point, the reason the judge decided here not to give the enhancement was under that guideline, it required a certain amount of detail regarding exactly what you were doing, what your decision-making was. Even if that was not there or the government didn't want to prove that, there was still information in the PSR. I went back and looked at it, paragraph 40, paragraph 46, where people involved in the conspiracy basically said that your client was the number two guy in the conspiracy. There's nothing preventing a judge from saying, although the details are not there for the enhancement to apply, I'm going to consider this under the 3553A factors. Then the last point, I know I'm throwing a lot out here, but she didn't even consider it separately. She only considered it when you raised the issue of relative culpability. In trying to assess where your client was with respect to Mr. Cruz, she mentioned that she viewed him as essentially the second in command. It wasn't some independent thing, I'm going to enhance your sentence, because you're the number two guy. It was only in response to trying to place him with respect to Mr. Cruz. I'm sorry, I threw a lot of things out here. Again, I respect your honor. I think you're using the wrong pronoun. It was Judge Proffert. He's a male judge. I'm sorry. That's not a problem. The one response that I would have to that is that the case law, I'm quite familiar with the panel's recent decision. Mr. Karas brought it to our attention. We were aware of it. It's factually an opposite from our perspective, this panel's decision regarding the perjurious obstruction enhancement. I think what the real point of distinction is, is that be it under the guidelines or be it under 3553A deviation and analysis, when it comes to roles, labels are not supposed to play a significant role in a court's determination. Numerous courts have rejected leadership enhancements based on somebody referring to somebody as second in command, kingpin, the boss, things along those lines. There has to be something substantive about it. It has to be laid out about what it is. We respectfully suggest that the district court erred in initially correctly concluding that there was not sufficient evidence to demonstrate what my client actually allegedly did to exercise a leadership role, but then nonetheless determining that he was some type of a leader. Isn't that the difference? This is just loyally between having to prove something as the government was required to prove by a preponderance of the evidence and then under the 3553A, and I'm just really echoing what's already been asked, and under the 3553A factors, there's evidence. In this case, as just Bianco pointed out, there was certainly evidence that the district court could draw on in the PSR, among other parts of the record. Why isn't that the distinction? The burden in the context of the guidelines, what the burden of proof is versus the 3553A factors, which are much broader in terms of what range of facts the district court can consider. They are, but again, Your Honor, what I strongly assert is that you cannot actually make findings regarding the presentation that seeks essentially the same thing, whether it's via a 3553A characteristics assessment or under the role enhancement guidelines. You can't make findings correctly, but then in essence reverse the findings in imposing sentence. That's at the core of our argument. Let me just flip the tables here a little bit. If it was a downward departure for medical issues and the court said, I'm not granting that downward departure, you don't have enough evidence to support it, but then in the 3553A factors gave some consideration to the fact that there was some medical issue, even if it wasn't enough to warrant a downward departure under the guidelines, you would say a judge can't do that? No, I would say that the judge could do that because that would be based on actual either uncontested or submitted evidence, and we respectfully suggest that the sections in the pre-sentence that the panel's referring to actually do not independently establish that there is a leadership role. That was what the government tried to prove up and did not. Yeah. So your ultimate point is that there's no evidence of any leadership role. Okay. So you've reserved two minutes for rebuttal, Mr. Holt, and we'll hear from the government and then we'll come back to you. Thank you. Good morning, your honors. Thank you. May it please the court. My name is Nicholas Karest from the United States attorney's office for the district of Vermont, appearing telephonically on behalf of the United States. Your honors, in this sentencing appeal in which the appellant was granted the variance he sought and received a 20 month below guideline sentence. The government asked the court to reject all three of appellant's arguments, none of which in the government's view are supported by the case law or the record in this case. My plan today following Mr. Volk's argument is to address the role issue first and then touch on the other two issues raised in appellant's brief. With respect to judge Crawford's consideration of the appellant's role in the offense as part of his 3553A analysis, the government's view as your honors have pointed out already, our view is that this was perfectly appropriate even though judge Crawford declined to grant the government's request for an upward enhancement for a leadership role. The recent case that judge Bianco pointed out is right on point as well as this court's summary orders in Wernick and Dodge from 2016 and 2014 respectively. Focusing on Alcius, the appellant Amante there argued that the district court erred in considering trial perjury under 3553A because the district court has not applied an obstruction enhancement. This court held that the trial court still could consider whether Amante had lied pursuant to 3553A and that exact same logic applies here. The record here does support this consideration of the appellant's role. Judge Crawford at page 45 lines 23 and 24 of the supplemental appendix said that the appellant was second and an important part of the leadership of the organization. The PSR contains many paragraphs that support that notion, especially paragraphs 28, 40, 41, and 46. With regard to appellant's other arguments, I'll touch briefly on the substantive reasonableness because that was the second argument that Mr. Volk addressed. Defendant with a below guideline sentence bears a heavy burden in arguing that his sentence is unreasonably high and the appellant here relies on a misunderstanding of the subsection A6 of 3553A. That section requires a proportionality analysis on a nationwide basis and Judge Crawford clearly did do that in his sentencing. Finally, as to the one-to-one issue, Judge Crawford rejected applying the 18-to-1 ratio and also didn't apply a one-to-one ratio and it's not required as explained in Kimbrough and Spears from the U.S. Supreme Court in this case, this court's Avery summary order from 2010. It's not required that the judge specify what his actual ratio is. This is Judge Lohier. You alluded to the two-way summary order. Have we said or imported the Spears language in an opinion that you're aware of? I'm not aware of that, Your Honor, other than the quote in the Avery summary order. I'm not aware of it in a reported opinion. Mr. Karras, can I ask you about the issue regarding the sentencing disparity argument? I know you made the point about we have said that it's nationwide disparities that a court is considering there, but even putting that aside, the court here, Judge Crawford did specifically consider the relative culpabilities of the defendants, which he's permitted to do even though it's not required, and noted the defendants. I think the basis was the criminal history of this defendant, who was a five, and Mr. Cruz was a two. This defendant had multiple prior convictions involving weapons, where he shot weapons, so wasn't that specifically addressed by the court? Yes, it was, Your Honor. You're correct. Mr. Cruz was criminal history category five, and Judge Crawford did note that. He also specifically referenced all the 3553A factors, so his analysis wasn't entirely based on the proportionality issue. Unless Your Honors have any further questions, the government rests. Judge Sloval or Judge Bianco, any questions? No, thank you. Mr. Volk. Thank you. I just replied briefly to two points raised by Mr. Karras. Number one, regardless of what the criminal history categories were, the co-defendant, Mr. Cruz, was acknowledged to be the leader, the highest up in the count, unlike Mr. Diaz-Alizea. His pre-departure guidelines range was 195 to 228 months. At worst, even if you reject our assertion that Judge Crawford was at least required to enunciate what the new crack-driven guidelines range would be, so at worst, Mr. Diaz-Alizea, the appellant's pre-deviation guidelines range was 140 to 175 months. That is a dramatic difference, and the fact that the court nonetheless imposed the same sentences exactly on these two individuals, we believe, does render this one of those exceptional cases where the sentence is acknowledged, the fact that my client does have a significant criminal history and a criminal record. The court is correct about that. I'm not going to try to play games about it. But having said that, we respectfully suggest that that standing alone, because that really is what we're talking about, that that standing alone does not justify an imposition of the same sentence with that pre-deviation range that we're talking about. We respectfully request that the court vacate the sentence and remand it. Can I just say one more question? Go ahead. Judge LaValle? I was going to say, you assert that it doesn't justify it. Why doesn't it justify it? Explain that. Certainly, Your Honor, because standing alone, standing alone, it really is a stark illustration. Standing alone, does the prior state court record, with all of its kind of blip issues that are raised whenever a court is assessing a prior state court record like this, does that standing alone justify essentially an increase of 60 months in a sentence? That's really the court has to kind of wrestle with and determine in assessing this appeal. We respectfully suggest that standing alone, that should not be sufficient. Mr. Volk, I was going to, just along those lines, I think, I mean, you can correct me if I'm wrong. The reason that Mr. Cruz's guidelines, you're saying, was much higher than your client's, was a function of that he was required to plead to the 924C count in addition to the drug count. Your client, even though there was a gun enhancement, did not plead to that. If you just look at the drug, put aside the 924C, with a criminal history category 5, your client's guideline range was 140 to 175. Mr. Cruz, with a criminal history category 2, was actually lower, 135 to 168. When you are noting this disparity with respect to the guidelines, it's only when we tack on the fact that he pled to the 924C, where your client had a gun enhancement but did not plead to the 924C. Am I missing something there? With respect, your honor, you're missing the fact that my client was not charged with a 924C because there simply was no evidence that he would have been subject to the armed drug trafficking charge. As the court I know is aware, the two-level gun bump, as it's called under 2B1.1, is a very different creature than 924C liability. For conspiratorial liability, my client was held responsible. We didn't contest it, but that was very different than what Mr. Cruz was both charged with and pleaded to. All right. Thank you. Thank you very much, your honor. Okay. Thank you very much. We'll reserve the decision.